JAMES v. POST et ux.

(Supreme Court, Appellate Division, Second Department. May 2, 1899.)

1. JUSTICES OF THE PEACE—APPEAL TO COUNTY COURT—FINDINGS OF FACT.
 In an action before a justice against a husband and wife for goods sold, a finding on the evidence that the goods were furnished on the credit of the wife cannot be interfered with by the county court.

2. INTEREST—OPEN ACCOUNT.
 Interest before action brought on an account for goods sold cannot be allowed where neither a custom between the parties to pay interest, nor any demand before suit, is shown.

Appeal from Putnam county court.

Action by John C. James against John Post and wife. From a judgment for plaintiff in the justice court, defendants appealed to the county court, which reversed the judgment, and plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Charles Haines, for appellant.

M. R. Smith, for respondents.

PER CURIAM. The suit was against husband and wife for goods sold and delivered. The plaintiff testified to delivering to "defendants" the articles sold. The narration of the testimony is meager, as in most returns of justices of the peace, but by the use of the term "defendants" we understand the plaintiff to testify that he made the delivery to both of the defendants. The fact that the pass book bore the name of the defendant Mrs. Post, though evidence to show that the credit was extended to her alone, was not conclusive on the subject. There was a question of fact presented to the justice for his determination, and, as there was some evidence to sustain his finding, the county court could not interfere with it, or set it aside. In fact, we are at a loss to see any even plausible ground on which the judgment against the wife was wholly reversed. Interest before suit, however, was improperly allowed by the justice, as the plaintiff showed neither a custom between the parties to pay interest nor any demand before action brought.

The judgment of the county court should be reversed, and the judgment of the justice of the peace should be modified by striking therefrom the sum of $2.66, and, as modified, affirmed, with $10 costs and disbursements to the appellant.